Caruthers, <L,
delivered the opinion of the court.
This was an action of debt brought upon a record from the court of pleas and quarter sessions of Craven ■county, North Carolina, in the circuit court of Haywood. After the cause was at issue, the papers were lost, and they were supplied by agreement of counsel. They agree “to the above facts,” and that the writ and declaration were in the “usual and proper form,” and also the pleas', “ nul tiel record and payment,” to which there were replications and isues.” A transcript of the record was filed and admitted 'to be duly authenticated.
The jury found for the plaintiff the amount of the judgment recovered in North Carolina, with interest, and the court entered judgment upon it, but ordered the money to be levied of the effects of the deceased in the hands of defendant to be administered, and refused, on motion, to render it against the defendant personally. To this there was exception, and that is the only question in the case. It must depend upon the state of facts in the North Carolina record.
Sarah Jones had become special bail for Lovick Jones, and died, leaving the defendant her executor. The bail bond was forfeited, and a seire faeim issued against defendant as executor, to which he pleaded, “1. Nul tiel record. 2. Surrender of the principal; and 3. Death of the principal.” These pleas Were all found against him, and judgment rendered in these words; *594 “It is therefore considered by the court, that the said Whiteeote White, guardian and plaintiff as aforesaid, do recover of the said Thos. K. Archhill, executor as aforesaid, his said debt, &c.” This judgment did not contain the usual and proper clause that the money was to be levied of the goods and chattels of the deceased, but the execution did, and was returned, nothing found, in 1851.
The defect in the judgment, only made it erroneous, not void as to the executor. He could have had it otherwise by taking the proper steps, and cannot now object to it.
To remedy this difficulty after this suit was brought upon the judgment, an application was made by the defendant to the court, in which it was given in NT. C., to have the judgment amended and put in the proper form-, nunc pro tuno, and the same was done and transcript thereof was filed in this case. If that could be done, which is by no means admitted, it is difficult to see what benefit it could be to the defendant.
The question would still recua?, is not an executor or administrator personally liable upon a judgment against him as such, if no goods of the deceased can be found to satisfy it? Nothing else but a plea of fully administered or no assets, found for him in the original suit, can save him from the consequence.
This liability may be enforced by an action of debt, or a scire facias. In this proceeding, . he cannot be allowed to say that he had no assets, or had fully administered them, the time to do that has passed, and even if the truth was that way, yet he has precluded himself from relying upon it by his pleas, or failure to *595 plead it in the former suit, and is liable in Ms own goods. Assets are conclusively admitted by the pleadings in such case, and he can have no plea denying it. 10 Yerg., 438. 1 Yerg., 399.
True, to produce this effect, the declaration upon the judgment must suggest a devastavit. Here, it is argued, that does not appear. The declaration is lost and supplied by an agreement, that it is in the “usual and proper form,” and that no other defence was made, but the pleas in bar of “payment, and nul tiel record.” We must take it to be admitted, that it contained all proper averments to charge the defendant.
This was certainly so, if it were in the usual and'proper form, and that is the admission. The only exception to this rule, is in cases where the adm’r. had no opportunity to plead, such as judgment by motion, &c. 2 Yerg., 302. 5 Humph., 428. 4 Hayw., 240. In these cases he is allowed his plea of fully administered, or no assets to a soi. fa., or action of debt upon the judgment.
The case under consideration, does not fall within the exception.
There is then error in the refusal to enter the judgment, to be levied of the proper goods of defendant, and for this the judgment must be reversed, and the proper judgment here rendered upon the verdict.